UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MORAYA INVESTMENTS LLC,<br><br>    Defendant. | Case No. 19-cv-03772-DMR<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 34 |

Plaintiff Scott Johnson is an individual with a disability. He filed this lawsuit against Moraya Investments, LLC ("Moraya") alleging violations of the Americans With Disabilities Act of 1990 and California's Unruh Civil Rights Act. Johnson now moves for summary judgment. [Docket No. 34.] Moraya filed a "limited opposition" to the motion in which it opposes only a portion of Johnson's request for an award of damages under the Unruh Act. [Docket No. 35.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted in part and denied in part.

## I.   BACKGROUND

The following facts are undisputed. Johnson is a quadriplegic who uses a wheelchair for mobility. [Docket No. 34-1 (Johnson Decl., May 5, 2021) ¶ 2.] He drives a specially equipped van with a lift that accommodates his wheelchair. *Id*. at ¶ 3. Moraya owns and operates the Heritage Inn Express (the "Heritage"), a motel located in Hayward, California. *See* Opp'n 1.

On October 16, 2018, Johnson visited the Heritage "to book a room to stay the night and to assess the businesses [sic] for compliance with disability access laws." *Id*. at ¶ 4. During his visit, Johnson found two parking spaces reserved for persons with disabilities in the Heritage's parking lot. However, the parking stall and shared access aisle of the space marked "van accessible" were not level and were instead sloped. *Id*. at ¶¶ 6, 9. Additionally, it was difficult for Johnson to enter

the Heritage's office from the parking lot due to a threshold at the entrance. *Id*. at ¶ 10. Once inside the office, Johnson encountered a service counter that was too high for him to use. *Id*. at ¶ 11. Finally, Johnson had to stay in a standard room with his attendant because the Heritage did not have any accessible rooms with two beds. *Id*. at ¶ 14. Johnson states that each of these barriers caused him difficulty, discomfort, and frustration. *Id*. at ¶¶ 9, 10, 13, 14.

Johnson states that he was "in the area where the [Heritage] is located again on January 28, 2019 and March 12, 2019," but due to his previous experience at the motel and his "knowledge of the multiple barriers there," he was "deterred . . . from even attempting to patronize it." *Id*. at ¶ 15. He also states that he "frequent[s] the Hayward area regularly and ha[s] visited there on several occasions in 2018 and 2019," and that because he is "an active ADA litigator, [his] efforts to identify law-breaking businesses also brings [him] to this geographical area on a continuing and ongoing basis." *Id*. at ¶¶ 17, 18. Johnson states that he plans to visit the motel again once he is "informed that the [Heritage] is has [sic] allegedly been made accessible . . . to stay the night and to assess the business for compliance with disability access laws." *Id*. at ¶ 19.

Johnson filed his complaint on June 27, 2019, alleging two claims for relief against Moraya: 1) violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; and 2) violation of the Unruh Civil Rights Act, California Civil Code section 51.

Johnson now moves for summary judgment and asks the court to enter summary judgment in his favor on both claims for relief.

## II.   LEGAL STANDARD

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could return a verdict in that party's favor. *Id*. at 248. The court may

1    not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id*. at 249.

2    To defeat summary judgment once the moving part has met its burden, the nonmoving
3    party may not simply rely on the pleadings, but must produce significant probative evidence, by
4    affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that
5    a genuine issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809
6    F.2d 626, 630 (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence"
7    to support the non-moving party's claims, *Anderson*, 477 U.S. at 252; conclusory assertions will
8    not suffice. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Similarly,
9    "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the
10   record, so that no reasonable jury could believe it, a court should not adopt that version of the
11   facts" when ruling on the motion. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.   DISCUSSION

### A.   ADA Claim

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). In order to prevail on a Title III discrimination claim, a plaintiff must show that (1) they are disabled within the meaning of the ADA; (2) the defendant is "a private entity that owns, leases, or operates a place of public accommodation"; and (3) the defendant discriminated against the plaintiff because of the plaintiff's disability. *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

Unlawful discrimination under the ADA occurs when features of a public accommodation deny equal access to disabled persons:

> It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

42 U.S.C. § 12182(b)(1)(A)(i). The ADA lists five subsections describing different types of

discrimination. 42 U.S.C. § 12182(b)(2)(A)(i)-(v). The subsection at issue in this case is 42 U.S.C. § 12182(b)(2)(A)(iv) ("Section IV"), relating to discriminatory barriers. Discrimination under the ADA includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(1)(A)(iv).

To prove discrimination under Section IV, a plaintiff must show a violation of applicable accessibility standards. *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011); *Donald v. Cafe Royale*, 218 Cal. App. 3d 168, 183 (1990)). "In the case of newly constructed facilities, compliance with the ADA's antidiscrimination mandate requires that facilities be 'readily accessible to and usable by individuals with disabilities.'" *Chapman*, 631 F.3d at 945 (quoting 42 U.S.C. § 12183(a)(1)).[1] The same standard applies to facilities that were altered after January 26, 1992. 42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.402. To satisfy these standards, new construction and post-January 1992 alterations must comply with either the 1991 or 2010 ADA Standards for Accessible Design, depending on the date the construction or alterations began. 28 C.F.R. § 36.406. With regard to facilities that existed prior to January 26, 1992, "discrimination includes 'a failure to remove architectural barriers . . . where such removal is readily achievable.'" *Chapman*, 631 F.3d at 945 (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

In the Ninth Circuit, ADA plaintiffs bear the initial burden of showing that removal of an architectural barrier is readily achievable. *Lopez*, 974 F.3d at 1034-39 (laying out the burden-shifting framework applicable to the "readily achievable" standard). To meet this burden, a

---

[1] The ADA defines newly constructed facilities as construction intended for "first occupancy later than 30 months after July 26, 1990," which was the date the ADA was enacted. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401(a)(1) ("discrimination for purposes of this part includes a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities.").

4

1  plaintiff "must plausibly show how the cost of removing the architectural barrier at issue does not
2  exceed the benefits under the circumstances." *Id.* at 1038.  The burden then shifts to the defendant
3  to "counter the plaintiff's initial showing" by referencing the factors laid out in 42 U.S.C. §
4  12181(9).[2]  *Id.* at 1039.  Under the ADA, a plaintiff can sue only for injunctive relief, i.e., removal
5  of any barriers.  Monetary damages are not available for private plaintiffs.  *Oliver*, 654 F.3d at
6  905; *Molski*, 481 F.3d at 730.

7  Johnson seeks injunctive relief requiring Moraya "to provide and maintain accessible
8  parking, an accessible guestroom, accessible path of travel [into the motel's office] and an
9  accessible service counter." Mot. 19.  Moraya does not oppose Johnson's motion for summary
10 judgment with respect to the ADA claim, and does not oppose the "injunctive relief order"
11 requested by Johnson.  Opp'n 1-2.  Accordingly, the court grants Johnson's motion for summary
12 judgment on the ADA claim.

13 **B.     Unruh Act Claim**

14 Johnson also moves for summary judgment on his Unruh Act claim.  The Unruh Act
15 provides that "[a] violation of the right of any individual under the [ADA] shall also constitute a
16 violation of" the Unruh Act.  Cal. Civ. Code § 51(f).  It authorizes statutory damages of "no less
17 than four thousand dollars ($4,000)" for each occasion on which a plaintiff was denied equal
18 access.  Cal. Civ. Code § 52(a); *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1094 (C.D. Cal.
19 2011) ("a plaintiff must be denied full and equal access 'on a particular' occasion before he can

---

[2] These factors include:

> (A) the nature and cost of the action needed [ ];
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)-(D).

5

recover statutory damages"). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

A plaintiff can recover statutory damages for an Unruh Act claim if a violation of construction-related accessibility standards "denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(a). "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(b). A plaintiff must demonstrate that he or she "experienced difficulty, discomfort, or embarrassment because of the violation" in order to establish a denial of full and equal access. Cal. Civ. Code § 55.56(c). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731; *see also Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000) (explaining that "[t]he statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover").

Here, Johnson requests an award of $8,000, representing $4,000 in Unruh Act statutory damages for his October 16, 2018 visit to the Heritage and an additional $4,000 for the January 2019 and March 2019 dates on which he claims he was "deterred . . . from even attempting to patronize" the motel. Mot. 24-25; Johnson Decl. ¶ 15.

Moraya does not oppose Johnson's request for a $4,000 damage award for his October 16, 2018 visit. Opp'n 2. It opposes the request for an additional $4,000 based on the visits Johnson contends he was deterred from making. *Id*. Moraya notes that in his declaration in support of the motion, Johnson states that he was "in the area where the [Heritage] is located" on two occasions after his stay at the motel but does not state "that he sought or needed motel accommodations on the dates he claims he was in the area." *Id*. (quoting Johnson Decl. ¶ 15). According to Moraya, Johnson's "'someday' plan to return as stated in Paragraph 19 of his declaration does not provide the necessary intent to return required for a deterrence." Opp'n 2. In paragraph 19, Johnson states that he plans to visit the motel again once he is "informed that the [Heritage] is has [sic] allegedly

been made accessible . . . to stay the night and to assess the business for compliance with disability access laws." Johnson Decl. ¶ 19. Moraya contends that Johnson is entitled to a single statutory damage of $4,000 only. Opp'n 2.

On reply, Johnson argues that Moraya has not provided any evidence to dispute Johnson's statement that he was in the area where the Heritage is located on two occasions in 2019 but his previous experience at the motel and knowledge of the barriers there "deterred [him] from even attempting to patronize it." Reply 1 (citing Johnson Decl. ¶ 15).

The relevant portion of the Unruh Act contains a section about deterrence. It provides that "[a] plaintiff demonstrates that he or she was deterred from accessing a place of public accommodation on a particular occasion only if both of the following" two requirements are satisfied:

> (1) The plaintiff had actual knowledge of a violation or violations that prevented or reasonably dissuaded the plaintiff from accessing a place of public accommodation that the plaintiff intended to use on a particular occasion.
>
> (2) The violation or violations would have actually denied the plaintiff full and equal access if the plaintiff had accessed the place of public accommodation on that particular occasion.

Cal. Civ. Code § 55.56(d) (emphasis added). Oddly, the parties do not address this portion of the statute or explain their positions with reference to the requirements necessary to establish deterrence under the Unruh Act.

Moraya does not dispute Johnson's statement that he had actual knowledge of barriers on the dates that he "was in the area" where the Heritage is located, thus satisfying the first portion of subsection (d)(1). Cal. Civ. Code § 55.56(d)(1); Johnson Decl. ¶ 15. There is also no dispute that the barriers would have actually "denied [Johnson] full and equal access" if he had accessed the motel on those dates, satisfying subsection (d)(2). However, in addition to showing that he possessed "actual knowledge" of barriers that prevented or dissuaded him "from accessing a place of public accommodation," Johnson must also show that he also "intended to use" that place of public accommodation "on a particular occasion." Cal. Civ. Code § 55.56(d)(1). Johnson states only that he "was in the area" of the motel on January 28, 2019 and March 12, 2019 and that he

7

was deterred "from even attempting to patronize" the motel based on his previous experience at the motel and his "knowledge of the multiple barriers there[.]" Johnson Decl. ¶ 15. Entirely lacking from his declaration is any statement that he "intended to use" the motel on either of the dates in question. *See, e.g.*, *Shaw v. Kelley*, No. 16-CV-03768-VKD, 2019 WL 497620, at *10 (N.D. Cal. Feb. 7, 2019) (denying motion for summary judgment on issue of deterrence where the plaintiff did not present evidence that he was "deterred from visiting [defendant's business] on a particular occasion following his initial visit"), holding that "[t]he plain language of [section 55.56(d)] indicates that general 'ongoing deterrence' is not a sufficient basis for damages" under the Unruh Act). Further, Johnson states that because he is "an active ADA litigator, [his] efforts to identify law-breaking businesses also brings [him] to this geographical area on a continuing and ongoing basis." *Id*. at ¶ 18. Based on this statement, a reasonable jury could conclude that Johnson was "in the area" of the Heritage on January 28, 2019 and March 12, 2019 for litigation purposes, and not because he "intended to use" the motel on those particular occasions. *See, e.g.*, *Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-CV-03871-BLF, 2021 WL 2457154, at *8 (N.D. Cal. June 16, 2021) (denying Johnson's request for $12,000 in damages where it appeared that his "repeated visits to [a business with access barriers] were made in an attempt to increase statutory damages" and awarding $4,000 for one visit only). Therefore, there are material disputes of fact regarding whether Johnson is entitled to statutory damages of $4,000 for his January 28, 2019 and/or March 12, 2019 visits to "the area" of the Heritage. Accordingly, the court grants the unopposed portion of Johnson's motion for summary judgment on the Unruh Act claim based on the October 16, 2018 visit and awards him $4,000 in statutory damages. The court denies the opposed portion regarding the Unruh Act claim for deterred visits in January 2019 and March 2019.

### IV. CONCLUSION

For the foregoing reasons, Johnson's motion for summary judgment is granted in part and denied in part. The court grants Johnson's motion for summary judgment on the ADA claim and the Unruh Act claim based on the October 16, 2018 visit and awards him $4,000 in statutory damages. As to injunctive relief under the ADA, Johnson requests an order requiring Moraya "to

8

provide and maintain accessible parking, an accessible guestroom, accessible path of travel and an accessible service counter," which Moraya does not oppose. The parties shall draft a stipulation and proposed order on Johnson's unopposed request for injunctive relief and submit it for the court's approval within seven days of the date of this order. Johnson's motion for summary judgment on the Unruh Act claim based on the alleged deterred visits in January 2019 and March 2019 is denied. This is the only remaining claim in the case. The parties' updated joint case management conference statement, due on August 11, 2021, shall set forth a proposed pretrial and trial schedule for this sole claim. The court intends to set a schedule at the August 18, 2021 case management conference.

**IT IS SO ORDERED.**

Dated: August 2, 2021



Donna M. Ryu
United States Magistrate Judge